IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATALINA HOLDINGS (BERMUDA) LIMITED, <br><br> *Petitioner,* <br> v. <br><br> JENNIFER HAMMER, Director of Insurance of the State of Illinois, as Liquidator of Legion Indemnity Company, <br><br> *Respondent.* | Case No: 1:18-cv-05642 <br><br> Judge: Manish S. Shah |

## MOTION FOR REASSINGMENT BASED ON RELATEDNESS

Petitioner, Catalina Holdings (Bermuda) Ltd. as successor in interest to Alea Group Ltd. and Rhine Re ("Petitioner" or "Catalina"), by and through its undersigned attorneys, Novak Law Offices, hereby moves this Court for an order reassigning case *Legion Indemnity Company, In Liquidation v. Catalina Holdings (Bermuda) Limited*, Case No. 1:18−cv−06595, currently before Judge Ruben Castillo, to this calendar based on relatedness pursuant to Local Rule 40.4. In support of this Motion, Catalina states as follows:

1.  On August 17, 2018, Petitioner filed a motion to confirm the final arbitration award issued in *In Re the Matter in Arbitration Between Legion Indemnity Company (In Liquidation) and Catalina Holdings Limited*. That case was assigned to this calendar.

2.  On September 24, 2018, Respondent filed a motion to vacate or modify the exact same arbitration award in *In the Matter of the Liquidation of Legion Indemnity Company*, Case Number 2002 CH 06695, pending in Cook County, County Department, Chancery Division. A copy of Respondent's Motion to Vacate or Modify is attached to the Notice of Removal as Exhibit 1.

3. On September 27, 2018, Petitioner filed a Notice of Removal removing the state court action to this Court pursuant to 28 U.S.C. § 1441 and 9 U.S.C. § 205. The matter, entitled *Legion Indemnity Company, In Liquidation v. Catalina Holdings (Bermuda) Limited*, was assigned case number 1:18−cv−06595, and was assigned to the calendar of Judge Ruben Castillo.[1] *See* Exhibit 1.

4. Pursuant to Local Rule 40.4(b) a case may be reassigned to the calendar of another judge if it is (1) related to a case currently before that judge; (2) both cases are pending in the Northern District; (3) the handling of the cases by a single judge is likely to result is a substantial savings of judicial time and effort; (4) designating the related case will not delay the proceedings in the earlier case; and (5) the cases are susceptible to a single disposition.

5. Cases are related for the purpose of Rule 40.4 if any of the following are met:

    (1)    the cases involve the same property;

    (2)    the cases involve some of the same issues of fact or law;

    (3)    the cases grow out of the same transaction or occurrence; or

    (4)    in class action suits, one or more of the classes involved in the cases is or are the same.

LR 40.4.

6. In this case the two actions are related because they involve the exact same issues of law and fact and arise out of the same transaction or occurrence. Both cases involve the confirmation or vacatur of the same arbitration award.

7. Both cases also involve the same parties, represented by the same counsel.

---

[1] Petitioner's Notice of Removal requested the court sever Respondent's Motion to Vacate and remand the remaining portion of the case to State court.

8. The handling of the actions by a single judge will result in a significant saving of judicial resources and both are susceptible to a single disposition as the resolution of Petitioner's Motion to Confirm will be dispositive of Respondent's Motion to Vacate.

9. Finally, reassigning Respondent's case for relatedness will not delay this action. As Respondent has filed a Motion to Dismiss or Stay, no action has yet been taken with regard to Petitioner's Motion to Confirm.

10. Petitioner contacted Respondent's counsel asking if they contested this Motion and did not receive a response.

WHEREFORE, Petitioner Catalina Holdings (Bermuda) Ltd. respectfully requests this court reassign *Legion Indemnity Company, In Liquidation v. Catalina Holdings (Bermuda) Limited*, Case No. 1:18−cv−06595 to this calendar pursuant to LR 40.4.

DATED: September 28, 2018

Respectfully submitted,

/s/ Jennifer E. Arnold
Neal R. Novak (#6181620)
Jennifer E. Arnold (#6322392)
NOVAK LAW OFFICES
33 N. LaSalle, Suite 1900
Chicago, IL 60602
novak@novakjuris.com
arnold@novakjuris.com
Phone: (312) 425-2500

*Attorneys for Petitioner, Catalina Holdings (Bermuda) Limited*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2018, a true and correct copy of Catalina Holdings (Bermuda) Limited's Motion for Reassignment Based on Relatedness was sent to counsel of record for Respondent and Legion Indemnity Company, In Liquidation via the Court's ECF system and via electronic mail to:

> James Oakley
> Ryan J. Gehbauer
> Thompson Coburn LLP
> 55 East Monroe Street, 37th Floor
> Chicago, Illinois 60603
> joakley@thompsoncoburn.com
> rgehbauer@thompsoncoburn.com

> Respectfully submitted,
>
> /s/ Jennifer E. Arnold
> Neal R. Novak (#6181620)
> Jennifer E. Arnold (#6322392)
> NOVAK LAW OFFICES
> 33 N. LaSalle, Suite 1900
> Chicago, IL 60602
> novak@novakjuris.com
> arnold@novakjuris.com
> Phone: (312) 425-2500
>
> *Attorneys for Petitioner, Catalina Holdings (Bermuda) Limited*